NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SOURCE SEARCH TECHNOLOGIES, LLC, | : | |
| Plaintiff, | : | Civil Action No. 11-3388 (FSH) |
| v. | : | |
| KAYAK SOFTWARE CORPORATION, | : | OPINION |
| Defendant. | : | |

**HAMMER,** United States Magistrate Judge.

I. INTRODUCTION

This matter is presently before the Court on the motion of Defendant, Kayak Software Corporation ("Kayak"), to exclude the expert *Markman* testimony of Pramod Pancha. Mot. in Limine, ECF No. 105. Plaintiff, Source Search Technologies, LLC ("SST"), opposes the Motion. Pl.'s Opp'n Br., ECF No. 111. Defendant submitted a reply brief in further support of its motion. Def. Reply Br., ECF No. 112. The Court has considered Defendant's Motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's Motion is granted.

II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The underlying dispute in this matter involves an alleged violation of U.S. Patent No. 5,758,328 (the "'328 Patent"), issued May 26, 1998, which Plaintiff SST owns by assignment. Amend. Compl., ECF No. 43, ¶ 7. The '328 Patent "pertains to a method and system that allows

1

a central computer to filter requests for quotes, and to interface to various vendor computers to obtain and forward such quotes to potential buyers of goods and services." Compl. ¶ 7, ECF No. 1. According to Plaintiff, this computerized quotation system facilitates electronic purchases from vendors without requiring the buyer's prior knowledge of the vendor. Pl. *Markman* Brief, ECF No. 72, at 2. Plaintiff also alleges that prior to the invention of this technology, e-commerce systems typically required either a large "central database" or pre-existing knowledge of the vendor on the part of the buyer. Id.

Plaintiff filed a Complaint against the Defendant on June 14, 2011, ECF No. 1, and an Amended Complaint on March 14, 2013, ECF No. 43. Plaintiff alleged that Defendant directly infringed on the '328 Patent by operating an interface for buyers to enter information related to airlines and the like, which the Defendant's service then filtered to provide quotes on travel from relevant vendors. Amend. Compl., ¶ 11, ECF No. 43. Plaintiff seeks a declaration that specific claims of the '328 Patent are enforceable, a declaration that Defendant has infringed the '328 Patent, an injunction enjoining the continued infringement of the '328 Patent and damages. Id. at 4–5. Defendant filed an Answer denying infringement of the '328 Patent. Def. Amend. Ans., at 3–6. Defendant also seeks a declaratory judgment that its system and methods do not violate the '328 Patent, that the '328 Patent is invalid or Plaintiff is precluded from making certain claims, and for other relief.

Plaintiff served its Preliminary Claim Construction on Defendant on July 26, 2013. See SST Proposed Claim Construction, attached as Ex. A to Declaration of James A. Culverwell ("Culverwell Dec."), ECF No. 105-3. Defendant served its Preliminary Claim Construction on Plaintiff on July 29, 2013. See Kayak Proposed Claim Construction, attached as Ex. B to

Culverwell Dec., ECF No. 105-4. The parties submitted their Joint Claim Construction chart to the Court on August 7, 2013. ECF No. 69.

On September 13, 2013, Plaintiff and Defendant filed *Markman* opening briefs setting forth their positions on claim construction. Pl. Markman Brief, ECF No. 72; Def. Markman Brief, ECF No. 73. On October 14, 2013, both parties filed their respective *Markman* response briefs. Pl. Response Br., ECF No 84; Def. Response Br., ECF No. 85. Attached to Plaintiff's brief was the Declaration of Pramod Pancha, an expert witness whom Plaintiff had not previously disclosed to Defendant. Declaration of Parmod Pancha ("Pancha Dec."), attached to Pl.'s Response Br., ECF No. 84-1. On November 18, 2013, Defendant filed the instant motion to exclude the expert testimony Pramod Pancha. Mot. in Limine, ECF No. 105. The Court held a *Markman* hearing on December 4, 2013. ECF No. 115.

### A. Defendant's Arguments

Defendant first argues that Dr. Pancha's testimony should be excluded because Plaintiff failed to comply with the disclosure requirements of the Local Patent Rules and the Court's *Markman* discovery schedule. Def. Br., ECF No. 105-1, at 2. Defendant asserts that Local Patent Rule 4.2(b) required SST to identify its *Markman* expert and his testimony when the parties initially exchanged their claim constructions. Id. Defendant also argues that Local Patent Rule 4.2(c) gave SST the opportunity to disclose Dr. Pancha and his testimony within 14 days after receiving Defendant's Updated Preliminary Proposed Claim Construction, served on July 29, 2013. Id. at 3. Moreover, Defendant asserts that when the parties filed their Joint Claim Construction pursuant to Local Patent Rule 4.3(e), SST did not identify Dr. Pancha as a witness, and in fact represented that it did not anticipate calling any witnesses at the *Markman* hearing. Id. Defendant further argues that Plaintiff failed to comply with the Pretrial Scheduling Order, as Plaintiff did not disclose the testimony of Dr. Pancha until a week after the close of expert

discovery. Id. at 4.

Finally, Defendant argues that Dr. Pancha's testimony should be excluded because it is irrelevant to construction of the terms at issue. Id. at 5.

### B. Plaintiff's Arguments in Opposition

Plaintiff argues, in opposition, that Defendant's motion should be denied because the disclosure did not violate Local Patent Rule 4.3(c). Pl.'s Br., ECF No. 11, at 2. Plaintiff claims Local Patent Rule 4.3(c) requires disclosure of designated expert testimony fourteen days after the exchange of the parties' claim construction. Id. Plaintiff claims that Defendant changed its position on claim construction after the initial claim construction statement (ECF No. 69), and thus did not reveal a need for expert testimony until filing its opening *Markman* brief. Id.

Plaintiff argues that, although Defendant originally argued that the '328 Patent "failed to recite any software structure" and that it "fail[ed] to recite an algorithm," Defendant later changed its position to whether the described algorithm was insufficient because it failed to explain how to calculate "complex terms" using "multiple variables" and because it described it only as a "desired result." Id. at 4. Essentially, Plaintiff argues that Defendant's claim construction position changed from asserting that there was no algorithm, to asserting that the algorithm was not complex enough to effectuate the means.

Plaintiff also argues that Defendant changed its argument as to filter means. Id. at 6. Plaintiff claims that Defendant's original position was that filtering means were limited to Figures 5 and 6, however, Defendant later changed its position to argue that there were other portions of the '328 Patent that related to filtering, but claimed these portions were insufficient. Id. at 7.

4

### C. Defendant's Arguments in Reply

In reply, Defendant argues that its claim construction position has not changed since the parties exchanged Preliminary Claim Constructions in July 2013. Def. Reply Br., ECF No. 112, at 1. Defendant asserts that its argument as to means for generating quotes consistently has been that the '328 Patent fails to include any corresponding structure for generating quotes, including how to generate individual, customized terms of a quote. Id. Defendant further asserts that its position has been that Figures 5 and 6 are the corresponding structure for the filtering means, and that vendors are prioritized by time sequence routing of requests for quotes. Id. at 3.

### III. DISCUSSION

The Local Patent Rules for the District of New Jersey were created "to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush," Computer Acceleration Corp. v. Microsoft Corp., 503 F.Supp.2d 819, 822 (E.D.Tex.2007), citing IXYS Corp., v. Advanced Power Tech, Inc., No. 02-3942, 2004 WL 1368860, at *3 (N.D.Cal. June 16, 2004). The New Jersey Local Patent Rules provide a schedule for the sequence of production related to claim construction, including the disclosure of expert evidence. The Rules "contemplate the disclosure of expert witnesses and their general testimony at two stages—when the preliminary claims construction and extrinsic evidence disclosures are to occur pursuant to L. Pat. R. 4.2 ...; and when the Joint Claim Construction and Prehearing Statement is filed with the Court." Warner Chilcott v. Impax Laboratories, Inc., No. 08-6304, 2010 WL 339034, at *3 (D.N.J. January 22, 2010).

Local Patent Rule 4.2(b), requires that the parties "designate any supporting extrinsic evidence including ... testimony of all witnesses including expert witnesses," see L. Pat. R.

4.2(b), and for each witness including experts, the parties "shall also provide a description of the substance of that witness' proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction." See id. L. Pat. R. 4.2(c) requires that "[n]ot later than 14 days after the parties exchange the 'Preliminary Claim Constructions' under this rule, the parties shall exchange an identification of all intrinsic evidence and extrinsic evidence that each party intends to rely upon to oppose any other party's proposed construction, including without limitation, the evidence referenced in L. Pat. R. 4.2(b)." See L. Pat. R. 4.2(c). Therefore, testimony of all witnesses including expert witnesses, must be exchanged no later than 14 days after Preliminary Claim Constructions have been exchanged.

Local Patent Rule 4.3 governs the submission of the Joint Claim Construction and Prehearing Statement. For the claims to be construed and the witnesses that each party intends to call, the Rules require that the parties include in their Joint Claim Construction & Prehearing Statement "the identity of each such witness, and for each witness, a summary of his or her testimony including, for any expert, each opinion to be offered related to claim construction." See L. Pat. R. 4.3(e).

Pursuant to Local Patent Rule 4.3, the parties are then required to "complete and file a Joint Claim Construction & Prehearing Statement." L. Pat. R. 4.3(a). The Joint Statement must include the term constructions the parties agree on, "[e]ach party's proposed construction of each disputed term," the identification of all intrinsic and any extrinsic evidence "known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction," and the identity of and a summary of the testimony for each expert witness whose "opinion [is] to be offered related to claim construction." L. Pat. R. 4.3(a)-(b), (e). As stated by Judge Falk in Warner Chilcott, at the time of the Joint Statement, "all

expert testimony should be known, or at least discernable, and there is no obvious basis for holding back or 'reserving' additional expert testimony." Warner Chilcott, 2010 WL 339034, at *3.

Plaintiff did not provide notice of Dr. Pancha's testimony as required under the Local Patent Rules. Under Local Patent Rule 4.2(b), Plaintiff was required to identify its *Markman* expert when the parties initially exchanged their claim constructions. Plaintiff served its Preliminary Claim Construction on Defendant on July 26, 2013. See SST Proposed Claim Construction, attached as Ex. A to Declaration of James A. Culverwell ("Culverwell Dec."), ECF No. 105-3. Defendant served its Preliminary Claim Construction on Plaintiff on July 29, 2013. See Kayak Proposed Claim Construction, attached as Ex. B to Culverwell Dec., ECF No. 105-4. At that time, Plaintiff did not notify Defendant of Dr. Pancha's testimony. Plaintiff was afforded another opportunity to disclose Dr. Pancha under L. Pat. R. 4.2(c), within 14 days of receiving Defendant's Updated Preliminary Proposed Claim Construction. Therefore, under the Local Patent Rules, Plaintiff was required to provide notice of Dr. Pancha's testimony within 14 days of July 29, 2013. Plaintiff, however, did not notify Defendant of Dr. Pancha until it filed its responsive *Markman* brief on October 14, 2013.

Plaintiff claims that Dr. Pancha's testimony was necessitated by a "new" argument in Defendant's opening *Markman* brief that was not contained in Defendant's Preliminary Claim Construction. The terms at issue relate to construction of Claim 4, means for matching[1] and

---

[1] The Claim term requiring construction for means for matching stated: "Means for matching said requests with vendor terminals which meet predetermined filter conditions for generating quotes from information contained in a database associated with said vendor terminals, and for accepting said quotes from said vendor terminals -- Claim 4." Joint Claim Construction Chart, ECF No. 69, at 5.

filtering means.[2] Dr. Pancha's declaration is directed only to the quote generation means and the filtering means. See Pancha Dec., attached to Pl.'s Response Br., ECF No. 84-1.

### a.  Means for Matching

Plaintiff claims that Defendant changed its argument as to the means for matching in its opening *Markman* brief. The Court will briefly lay out the language in contention. Defendant's proposed function and corresponding structure for means for matching stated:

> The specification <u>fails to recite any software structure that performs the recited function</u>. Specifically, the patent fails to disclose any software programming or logic that actually generates a quote including "the price and other terms of a particular transaction in sufficient detail to constitute an offer capable of acceptance," which would vary from quote to quote. <u>Even for pricing, the patent fails to describe a simple algorithm</u> for how price would be generated in response the request for quote.

Joint Claim Construction Chart, ECF No. 69, at 5.

Defendant's opening *Markman* brief stated:

> [O]btaining SST's desired result—i.e., the quote of figure 8—would require programing to calculate more complex terms, such as taxes, shipping charges, and delivery date. Calculations of these terms requires consideration of multiple variables, including buyer's location and the seller's location…None of this programing is described or even hinted at in the patent.

Kayak Opening *Markman* Brief, ECF No. 73, at 22.

To make the argument that Defendant changed its position, Plaintiff relies on selective language from the Defendant's Preliminary Claim Construction. Plaintiff argues that Defendant originally asserted that the patent "fails to recite and software structure." Def. Br., ECF No. 111, at 3. To make this argument, Plaintiff ignores the rest of the sentence which makes clear that

---

[2] The Claim term requiring construction for filtering means stated: "Filter and broadcast means for receiving, over said data network, requests from said requestor to engage in transactions with unspecified vendor terminals, and for filtering said requests to determine with which vendor terminals said requests should be matched – Claim 4." Id. at 3.

8

Defendant's position was that the "specification fails to recite any software structure that performs the recited function." See Joint Claim Construction Chart, ECF No. 69, at 5. Further Plaintiff claims that Defendant originally argued that the "patent fails to describe a simple algorithm." Taken out of context, such language would appear to assert that the patent claim had no algorithm at all. However, review of the full sentence reveals that this language refers to pricing only. Id.[3]

The operative issue is not whether Defendant used different language to express its argument in its opening *Markman* brief, but rather, whether Defendant argued something entirely different so as to unjustifiably prejudice Plaintiff. Defendant's Proposed Preliminary Claim Construction sufficiently put Plaintiff on notice of Defendant's argument that the patent discloses no software programing or logic for generating quotes. See Joint Claim Construction Chart, ECF No. 69, at 5. It is this very argument that Dr. Panacha's declaration addresses. See Pancha Dec., attached to Pl.'s Response Br., ECF No. 84-1, ¶ 7.[4] As such, Defendant did not change its claim construction argument as to means for matching.

b. **Filtering means**

With respect to filtering means, Plaintiff argues that the issue is substantially identical to that of means for matching. In Defendant's Preliminary Claim Construction Defendant asserted:

---

[3] Defendant's Preliminary Claim Construction stated: "Even for pricing, the patent fails to describe a simple algorithm for how price would be generated in response the request for quote." Id.

[4] Dr. Pancha stated:

> It is my opinion that one of ordinary skill in the art would readily recognize at least this as the quote generating means, and that it would be a very simple matter to write a small piece of code to pull the terms desired from the vendor database, assemble them into a data structure and form a quote from it.

Pancha Dec., attached to Pl.'s Response Br., ECF No. 84-1, ¶ 7.

9

> Filtering a request for quote to determine a small subset of potential vendor terminals with which the request for quote should be matched according to the flow chart set forth in figures 5 and 6 of the '328 patent. The prioritizing and ordering function in Figs. 5 and 6 is accomplished by time sequence routing of the buyer's request based on the vendor's distance from the buyer's location.

Joint Claim Construction Chart, ECF No. 69, at 3.

Defendant, in its opening *Markman* brief, argued that Patent '328 is "replete with one sentence statements of desired outcomes and restatements of the claimed functions, but the Federal Circuit has repeatedly held these do not constitute a software structure because they do not teach how the filtering works." Kayak Opening *Markman* Brief, ECF No. 73, at 15. According to Plaintiff, this language evidences a change in Defendant's argument from Defendant's opening *Markman* brief. Plaintiff asserts that this language indicates that there are in fact other areas of the Patent that constitute filtering means, when Defendant argued filtering was limited to figures 5 and 6 in its Proposed Claim Constructions. Plaintiff's argument, however, mistakes Defendant's argument in its opening *Markman* brief. In fact, Defendant's opening *Markman* brief simply reinforces its argument that figures 5 and 6 are the only means for filtering, as any other statement in the patent is legally insufficient.[5] As Defendant has not raised any new arguments as to filtering means claim construction, Plaintiff was sufficiently on notice that Defendant intended to argue that the only filtering means were located in Figures 5 and 6.

---

[5] Defendant also asserts, in its Reply brief, that Dr. Pancha "cites the same filtering structures as KAYAK, and Dr. Pancha fails to identify the structures that SST wants to link to the filer means." Def. Reply Br., ECF No. 112, at 3. The Court finds this argument unpersuasive. While Dr. Pancha cites the same filtering structures as Defendant, Figures 5 and 6, he also cites two different structures not cited by Defendant in its Proposed Claim Constructions, col. 7 and col. 5 of the '328 Patent. See Pancha Dec., attached to Pl.'s Response Br., ECF No. 84-1, ¶¶ 8, 9. Further, Dr. Pancha's alleged failure to identify the structures that SST wants to link to the filter means, is an issue for claim construction, not the instant motion in limine.

Plaintiff, therefore, has not asserted any justifiable excuse for its late disclosure of Dr. Pancha's declaration.

## IV. Conclusion

As the Court has determined that Defendant has not made a new argument, disclosure of Dr. Pancha's declaration was untimely and will be excluded.[6] For the foregoing reasons, Defendant's motion, ECF No. 105, is granted.

s/ Michael A. Hammer
UNITED STATES MAGISTRATE JUDGE

Date: January 6, 2014

---

[6] For the same reasons, Plaintiff's request that the Court strike certain portions of Defendant's opening *Markman* arguments is denied.