UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SOURCE SEARCH TECHNOLOGIES, LLC, | : : : : | Civil No. 11-3388(NLH/KMW) |
| Plaintiff, | : : | **OPINION** |
| v. | : : |  |
| KAYAK SOFTWARE CORPORATION, | : : : |  |
| Defendant. | : : |  |

**APPEARANCES:**

KAPLAN BREYER SCHWARZ & OTTESEN, LLP
By: Jeffrey I. Kaplan, Esq.
    Daniel Basov, Esq. (pro hac vice)
100 Matawan Road
Matawan, New Jersey 07747
    Counsel for Plaintiff Source Search Technologies, LLC

K&L GATES LLP
By: Rosemary Alito, Esq.
    C. Bryan Cantrell, Esq.
One Newark Center, Tenth Floor
Newark, New Jersey 07102

By: John J. Cotter, Esq. (pro hac vice)
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111
    Counsel for Defendant KAYAK Software Corporation


**HILLMAN**, United State District Judge:

　　Plaintiff Source Search Technologies, LLC ("Plaintiff" or "SST") brought this patent action against Defendant KAYAK

1

Software Corporation ("Defendant" or "Kayak") alleging infringement of U.S. Patent No. 5,758,328 (the "'328 Patent").

Presently before the Court is SST's Motion for Reconsideration ("SST's Motion" or "SST Mot.") [Dkt. No. 300]. For the reasons set forth below, SST's Motion will be **DENIED**.

I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court, in an Opinion dated March 31, 2016 [Dkt. No. 295], reported at Source Search Techs., LLC v. Kayak Software Corp., Civ. No. 11-3388 (NLH/KMW), 2016 WL 1259961 (D.N.J. Mar. 31, 2016) ("Fees Opinion"), granted-in-part and denied-in-part Kayak's Motion for Attorneys' Fees. The Court set out the factual background and procedural history of this case in its Fees Opinion, 2016 WL 1259961, at *1–2, and will restate only what is relevant for the disposition of SST's Motion.

Kayak sought, inter alia, attorneys' fees and a declaration that the case was exceptional pursuant to 35 U.S.C. § 285. This request hinged on two different bases: (1) that SST had contradicted previous arguments made with respect to the meaning of the word "quote"; and (2) that SST contradicted previous arguments made to the U.S. Patent and Trademark Office (the "PTO") in reexamination with respect to the meaning of "software." Fees Op., 2016 WL 1259961, at *3. The Court rejected the first argument, finding no exceptional conduct on

behalf of SST in its arguments regarding the meaning of "quote." Id. at *4-5. The Court accepted the second argument, and summarized its findings as follows:

> In summary, SST first argued for patentability based on it being "no small task" to create a database query, then argued for a claim construction based on the fact that a person of ordinary skill in the art would have been able to use software that existed "for decades" prior to the '328 Patent to make a database query, and finally argued for patent eligible subject matter based on the "inventive concept" of a specialized software to make the database query. The Court agrees with Kayak that SST changed its positions back and forth to suit the argument of the day.

Id. at *7.

As a result of this finding, the Court declared the case exceptional under 35 U.S.C. § 285, awarded partial attorneys' fees to Kayak, and ordered supplemental submissions to determine the amount of attorneys' fees. See id. at *7, 10-11. SST then timely filed this Motion for Reconsideration, and subsequently filed a Notice of Appeal [Dkt. No. 305].[1]

**II.   JURISDICTION**

As explained in the Fees Opinion, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). See Fees Op., 2016 WL 1259961, at *2.

---

[1] On June 8, 2016, the United States Court of Appeals for the Federal Circuit dismissed the appeal for lack of jurisdiction because this Court had not quantified the amount of attorneys' fees. Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1345 (Fed. Cir. 2001). The mandate issued July 15, 2016.

3

### III. LEGAL STANDARD

In this District, Local Civil Rule 7.1(i) governs motions for reconsideration.  Local Civil Rule 7.1(i) will apply where no final judgment has been entered pursuant to Rule 54(b).  See Warner v. Twp. of S. Harrison, 885 F. Supp. 2d 725, 747–48 (D.N.J. 2012).  However, the standard for evaluating the request is the same as the standard under Rule 59(e).  Id.

"The scope of a motion for reconsideration . . . is extremely limited."  Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).  "The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'"  Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).  A motion for reconsideration "must rely on one of three grounds:  (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice."  Id. (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."

4

Facteon, Inc. v. Comp Care Partners, LLC, Civ. No. 13-6765, 2015 WL 519414, at *1 (D.N.J. Feb. 9, 2015) (quoting G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)). "A motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).

**IV.  DISCUSSION**

SST asks this Court to reconsider is finding that the case was exceptional under 35 U.S.C. § 285.  SST appears to argue that the Court has overlooked or misinterpreted evidence, and that this motion is needed to correct a clear error of law or prevent manifest injustice.  (See generally SST Mot. Br. [Dkt. No. 300-1].)[2]  In support of its position, SST argues two points: (1) that SST argued its patent solved two "computer centric" problems based on DDR Holdings, LLC v. Hotels.com, L.P., 773 F.3d 1245 (Fed. Cir. 2014) separate and apart from its other arguments related to the inventive concept required by the test for patent eligible subject matter under Alice Corp. Pty. Ltd. v. CLS Bank Int'l, 134 S. Ct. 2347 (2014) (SST Mot. Br. at 2-5); and (2) the Court misunderstood SST's argument related to

---

[2] SST's Motion never clearly articulates under which of the three prongs of the standard for a motion for reconsideration it is bringing its motion.  However, it is clear that there has been neither an intervening change in controlling law nor any new evidence generated.

predistributed software (SST Mot. Br. at 6-10.)  Both of these arguments fail.

With respect to its second position, the Court has already considered SST's argument as it related to predistributed software.  As this Court has stated before, "[t]he law in this District is clear that '[a] motion for reconsideration is improper when it is used to ask the Court to rethink what it had already thought through -- rightly or wrongly.'"  Red Roof Franchising LLC, Inc. v. AA Hosp. Northshore, LLC, 937 F. Supp. 2d 537, 547 (D.N.J. 2013) (quoting Fishbein Fam. P'ship v. PPG Indus., Civ. No. 93-653 (WHW), 1994 U.S. Dist. LEXIS 18812, at *3 (D.N.J. Dec. 28, 1994)) (second modification in original).  If SST disagrees with the Court's assessment of its argument in its Alice brief, the proper recourse is through appeal to the Federal Circuit, as SST has noticed this Court of its intent to do.

Turning to its first position, while true that SST presented a separate argument based on DDR Holdings, SST's argument presents a misunderstanding of DDR Holdings.  SST submits that DDR Holdings stands for the proposition that the second step of the Alice test can be satisfied by either having an inventive concept or solving a computer centric problem.  (See SST Mot. Br. at 2-4.)  This is incorrect.

The Federal Circuit in DDR Holdings clearly stated, "[t]his second step is the search for an 'inventive concept,' or some element or combination of elements sufficient to ensure that the claim in practice amounts to 'significantly more' than a patent on an ineligible concept." 773 F.3d at 1255 (quoting Alice, 134 S. Ct. at 2355). The purpose of "or" following "inventive concept" in the preceding quote is not to turn the second step of the Alice test into a disjunctive test; rather, it serves to introduce the definition of what the "inventive concept" is.

What made the claims in DDR Holdings patent eligible was that, at Alice step two, "the claimed solution is necessarily rooted in computer technology in order to overcome a problem specifically arising in the realm of computer networks." Id. at 1257. And, as pointed out by both parties, the Federal Circuit in DDR Holdings made it abundantly clear that "not all claims purporting to address Internet-centric challenges are eligible for patent." Id. at 1258 (cited by SST Mot. Br. at 5 n.5 and Kayak Opp. [Dkt. No. 308] at 10.)

For SST to now submit that its Alice briefing argued that the '328 Patent was survived Alice step two only because it solved a computer centric problem is indeed a frivolous argument based on the plain reading of DDR Holdings. The '328 Patent still needed to demonstrate an inventive concept, and the inventive concept is what SST effectively abandoned in its

7

Markman position, as explained by this Court in the Fee Opinion. See Fee Op., 2016 WL 1259961, at *5-7.

Further, the Court in finding the '328 Patent invalid under 35 U.S.C. § 101 remarked that SST's arguments were "somewhat disingenuous" as SST attempted to "set aside the ultimate direction of the patent, a clearly well-worn business practice, in order to align its case with DDR Holdings." Source Search Techs., LLC v. Kayak Software Corp. ("Invalidity Opinion"), 111 F. Supp. 3d 603, 612-13 (D.N.J. 2015). SST submits in its Motion here that "SST's DDR Holdings argument was in no way dependent upon SST's cited footnote in the Patent Office documents." (SST Mot. Br. at 5.) But as the Court explained in invalidating the '328 Patent, SST did indeed point to predistributed software -- the same software that was "no small task" to create according to the footnote argued to the PTO -- as the inventive concept of the '328 Patent, and that software was insufficient to bring the claims of the '328 Patent under DDR Holdings. Invalidity Op., 111 F. Supp. 3d at 616-17. An argument relying on DDR Holdings thus still required SST to argue that the software was an inventive concept. To claim otherwise is incorrect.

The Court does not find SST's Motion persuasive, and finds that it does not meet the high threshold required to warrant reconsideration of the Fees Opinion. SST's Motion presents

8

merely disagreement with the Court's decision, and does not present any error that must be corrected to prevent a manifest injustice.  SST has failed to meet its burden in the instant motion.  Accordingly, reconsideration is improper.

**V.   CONCLUSION**

For the foregoing reasons, SST's Motion will be denied.  An appropriate order accompanies this opinion.


Date:  December 19, 2016
At Camden, New Jersey

　　　　　　　　　　　　　　　　　　　___s/ Noel L. Hillman_____
　　　　　　　　　　　　　　　　　　　NOEL L. HILLMAN, U.S.D.J.